PLANTERS NATIONAL BANK AND TRUST COMPANY OF ROCKY MOUNT, N. C., ADMINISTRATOR OF CHARLES BARKER, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 9 October, 1935.)

**1. Master and Servant E c—Assumption of risk held to bar recovery for death of plaintiff's intestate under Federal Employers' Liability Act.**

Evidence that plaintiff's intestate was employed to inspect freight cars upon defendant's tracks, and that he was seen engaged in his duties in interstate commerce a short while before his death, on a dark night with drizzling rain, and that he was found dead upon the tracks with indications that he had been struck by a train, with evidence that the place where he was working was sufficiently lighted to have enabled him to see approaching trains, *is held* to bar recovery as a matter of law under the Federal Employers' Liability Act upon the doctrine of assumption of risk, it being in evidence that plaintiff's intestate knew the risk of the employment, and the evidence leaving the manner in which he was killed in the field of speculation and conjecture.

**2. Master and Servant E a—**

In an action to recover for the death of plaintiff's intestate, killed while engaged in his employment in interstate commerce, the Federal Employers' Liability Act is controlling.

**3. Evidence D 1—**

Circumstantial evidence, when sufficiently strong, is as competent as positive evidence to prove a fact, but it is insufficient when it leaves the matter sought to be established in the field of speculation and conjecture.

APPEAL by plaintiff from *Sinclair, J.,* at February Term, 1935, of NASH. Affirmed.

This is an action for actionable negligence, brought by plaintiff against defendant for killing its intestate, Charles Barker, on 16 February, 1932.

The following judgment was rendered in the court below:

"This cause came on for hearing before the undersigned judge presiding at the February, 1935, Term, of the Superior Court of Nash County.

"At the close of plaintiff's evidence, defendant moved that judgment of nonsuit be entered.

"Upon the proof offered, the court finds as a fact that, at the time of the occurrence of the alleged fatal injury, plaintiff and defendant were engaged in interstate commerce, and that the statutes and decisions of the Federal Courts, therefore, control.

"And the court being of opinion that defendant's motion is well taken;

"It is therefore ordered and adjudged that this action be and the same is hereby dismissed as of nonsuit, the cost to be taxed against the plaintiff by the clerk.   N. A. Sinclair, Judge Presiding."

The plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*J. P. Bunn, Langston, Allen & Taylor, and Cooley & Bone for plaintiff.*

*Spruill & Spruill and Thos. W. Davis for defendant.*

PER CURIAM.   At the close of plaintiff's evidence the defendant made a motion in the court below for judgment as in case of nonsuit.   C. S., 567.   The court below sustained the motion and in this we can see no error.   The grounds of the motion were, (1) failure of proof on the part of the plaintiff; (2) assumption of risk.

The evidence on the part of plaintiff was to the effect that its intestate, Charles Barker, was an employee of defendant.   It was his duty "to inspect trains, to see that the seals on the freight cars were unbroken, and generally to look after and protect the property of the defendant, and these duties required the said Charles Barker to frequently cross and re-cross the defendant's yards and tracks."   He was doing that sort of work for four years.   His duties required him when trains came in to examine the seals on these trains to see that they had not been broken and to examine the cars to see that no hoboes were arriving.

Charles Barker, the deceased, left his wife and children to go to work for the defendant at a quarter to six in the evening of 16 February, 1932.   He was a strong, healthy man.   He was found on defendant's track at 6:35 or 6:40 lying across the rail dead.   He was cut in two about the breast, having been run over by defendant's train.   Other employees saw him in the performance of his duties and the last seen of him alive was about 15 or 20 minutes before he was found dead. The night was dark and it was drizzling rain.   One of the witnesses for plaintiff testified: "The yards there are lighted by overhead lights

and these lights are far enough apart or close enough together to light that ladder track so that you can see well enough. On this night in question when I saw Mr. Barker's body I was looking at it by the light of the overhead light. As you go and come in there all around that ladder track you can see where you are walking by these overhead lights, but, of course, you could not see how to inspect a car by them. You couldn't read a newspaper by them unless you were right under one of them, but if you had pretty good eyes and were right under the light you could read a newspaper. You could see what was coming and going on under those lights."

We have read with care the evidence. It is well settled that circumstantial evidence, when sufficiently strong, is as competent as positive evidence to prove a fact. In the present case we do not think the circumstantial evidence, taken as a whole, sufficient to be submitted to a jury. The manner in which plaintiff's intestate was killed, from the record evidence, is speculative, uncertain, and conjectural, and is not sufficient to be submitted to a jury.

Plaintiff's intestate was engaged in interstate commerce. The liability is determined solely by the Federal Employer's Liability Act, and assumption of risk pleaded by defendant is a good defense. Plaintiff's evidence indicates that plaintiff's intestate knew and assumed the risk of the employment which he was engaged in.

The evidence excluded by the court below was immaterial from the view we take of the entire evidence.

In law the nonsuit must be sustained. The plaintiff's intestate was a bread-winner and died in such a manner as should call for some provision, which should be made in such cases for the widow and children.

In law we find

No error.